IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Jeffrey Todd Cooley, | |
| Plaintiff, | CASE NO. 4:25-cv-56-ALM |
| v. | REPORT OF THE PARTIES' PLANNING MEETING |
| Union Pacific Railroad Co., | |
| Defendant. | |

In accordance with the Court's order dated March 13, 2025, (CM/ECF #14), Plaintiff, Jeffrey Todd Cooley, and Defendant, Union Pacific Railroad Co., (collectively "the Parties") submit the following Joint Report:

Parties: Plaintiff, Jeffrey Todd Cooley; Defendant, Union Pacific Railroad Co.

Date Complaint Filed: January 20, 2025

Date Complaint Served: January 21, 2025

Date of Defendant's Appearance: January 30, 2025 (Motion to Dismiss)

Planning Conference: Pursuant to Federal Rules of Civil Procedure 16(b), 26(f), and the Court's Order Governing Proceedings (CM/ECF #14), a conference was held on **April 2, 2025 at 1:30 p.m. CST**. The participants were Donald E. Uloth, Law Office of Donald E. Uloth, for Plaintiff, Jeffrey Todd Cooley and Jimmie L. Pinkham, Baird Holm, LLP, for the Defendant, Union Pacific Railroad Co.

    I.    Certification: Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation

with their clients, have developed the following proposed case management plan. Counsel further certify they have forwarded a copy of this report to their clients.

    II.    <u>Jurisdiction</u>:

        **A. Subject Matter Jurisdiction:** The Parties agree that, per 28 U.S.C. § 1331, Plaintiff's Complaint was filed in the U.S. District Court for the Eastern District of Texas and asserts federal claims under the Americans with Disabilities Act ("ADA"). Defendant maintains, and expressly does not waive, its defense of a lack of subject matter jurisdiction.

        **B. Personal Jurisdiction:** The Parties do not contest personal Jurisdiction.

    III.    <u>Brief Description of the Case</u>: Plaintiff has asserted claims under the ADA, alleging that Defendant unlawfully discriminated against him due to his alleged color-vision deficiency. In 2004, Defendant hired Plaintiff as a brakeman, and he eventually became a conductor. As a conductor, Cooley's color-vision was periodically retested. Each time his color vision was tested, he would fail an initial Ishihara color vision test, but pass the second color-vision field test administered by Union Pacific.

On August 28, 2014, Cooley again failed the Ishihara color-vision test under the testing procedure that was required by Federal Railroad Administration regulations, imposing conductor certification requirements for all Railroads. On September 5, 2014, Cooley failed a secondary color-vision field test. Cooley was temporarily removed from his job. On September 29, 2014, Union Pacific notified Cooley that it was unable to identify any reasonable accommodations that would allow him to perform the conductor job. Defendant denies that it discriminated against Plaintiff in violation of the ADA and further denies that Plaintiff is entitled to any relief whatsoever.

A. **Claims of Plaintiff:** Plaintiff brings one cause of action for disability discrimination under the ADA: Disparate Treatment (Count I).

B. **Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant:** Defendant denies that it has engaged in unlawful employment practices under the ADA, or any other law. Defendant further denies that it has discriminated against Plaintiff and that Plaintiff is entitled to any relief whatsoever.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are preempted or precluded by the Federal Railroad Safety Act and Federal Railroad Administration safety regulations.

3. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with jurisdictional, procedural, and administrative prerequisites for filing this action, including but not limited to Plaintiff's failure to exhaust administrative remedies.

4. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

5. Plaintiff's claims are barred because the Court lacks subject matter jurisdiction.

6. Plaintiff's averred damages must be reduced, in whole or in part, to the extent that Defendant discovers after-acquired evidence for which Plaintiff would have been terminated, not hired, and/or medically disqualified.

7. Some or all of the damages asserted in the Complaint are barred to the extent that Plaintiff has failed to mitigate his alleged damages, if any.

8. Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, estoppel, ratification, laches, preemption, forfeiture, and/or unclean hands.

9. Plaintiff's claims are barred, in whole or in part, because Defendant had policies in place prohibiting discrimination, harassment, and other alleged wrongful conduct during Plaintiff's tenure, Defendant distributed and/or made these policies available to Plaintiff, and Plaintiff unreasonably failed to avail himself of the protections of these policies or to otherwise avoid harm.

10. Defendant has made good faith efforts to prevent discrimination in its workplace and cannot be liable for decisions of its agents, if any, or for punitive damages, to the extent the challenged employment decision was contrary to its good faith efforts to comply with anti-discrimination statutes.

11. Plaintiff is not a qualified individual with a disability.

12. Plaintiff is not entitled to recover any compensatory or punitive damages because neither Defendant, nor any of its officers, directors, managing agents, or employees, committed any knowing, wanton, intentional, recklessly indifferent, or malicious act, and because Defendant did not authorize or ratify any such act.

13. If Plaintiff establishes by a preponderance of the evidence that Defendant's actions toward Plaintiff were based on an unlawful motive,

Defendant would have taken the same action despite any such unlawful motive.

14. Plaintiff posed a direct threat to the health and safety of himself, his coworkers, the public, and/or others that could not be eliminated by reasonable accommodation, and Defendant made an objectively reasonable medical decision regarding Plaintiff.

15. Without admitting that Plaintiff is a person with a disability, to the extent the Defendant allegedly made a disability-related inquiry, sought medical information, or required a medical examination of the Plaintiff, such inquiry or examination was job-related and consistent with business necessity.

16. To the extent the Defendant allegedly applied qualification standards to the position in question and such standards screen out, or tend to screen out, qualified individuals with disabilities, such standards are job-related for the position in question and consistent with business necessity.

17. To the extent the Defendant allegedly applied safety-based qualification standards to the position in question and such standards screen out, or tend to screen out, qualified individuals with disabilities, such standards were necessary to eliminate a significant risk to the health or safety of the Plaintiff and/or others and the risk could not have been eliminated or reduced by a reasonable accommodation.

18. To the extent that Defendant took any adverse action against the Plaintiff, such action was consistent with a business necessity.

      19. Defendant had a legitimate non-discriminatory basis for placing Plaintiff on medical leave based on restrictions.

      20. Defendant reserves the right to assert additional affirmative defenses or defenses of which it becomes knowledgeable during the course of discovery.

    **C.** **Defenses and Claims of Third Party Defendants:** None.

**IV.** <u>Statement of Undisputed Material Facts</u>: Counsel certifies they have made a good faith attempt to determine whether there are any material facts that are not in dispute.

    **A. The Parties state the following material facts are undisputed:**

1. Defendant hired Plaintiff on February 23, 2004, after which he worked as a brakeman and conductor.

2. On or about August 28, 2014, Plaintiff took and failed the Ishihara color-vision test during his FRA recertification process.

3. On or about September 5, 2014, Plaintiff took and failed Union Pacific's color-vision field test.

4. Defendant notified Plaintiff on or about September 29, 2014, that it was unable to identify any reasonable accommodations that would allow him to perform the conductor job.

5. Plaintiff filed a charge of discrimination with the Texas Workforce Commission ("TWC") and the EEOC on or about January 31, 2020.

6. The EEOC issued Notice of Right to Sue to Plaintiff on October 22, 2024.

V.    <u>Case Management Plan</u>:

    **A. Standing Order on Pretrial Deadlines:** While Defendant maintains that a scheduling order is premature until the Court rules on its Motion to Dismiss, the parties agree to the proposed scheduling order attached to this Rule 26(f) report as Appendix 1.

    **B. Scheduling Conference with the Court:** Defendant requests a pretrial conference with the Court before entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b) for the purpose of discussing an extension of all pretrial deadlines until the resolution of Defendant's Motion to Dismiss. In the alternative, Defendant requests an extension or delay of the start of discovery until the resolution of Defendant's Motion to Dismiss.

    **C. Early Settlement Conference:** The Parties certify they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time as Defendant's Motion to Dismiss (Doc. 15) is still pending and no discovery has been conducted. The Parties agree to revisit the possibility of settlement after conducting discovery.

    **D. Joinder of Parties and Amendment of Pleadings:**

        1. Plaintiff should be allowed until June 12, 2025 to file motions to join additional parties and until July 24, 2025 to file motions to amend the pleadings.

2. Defendant should be allowed until June 12, 2025, 2025 to file motions to join additional parties and until August 7, 2025, 2025 to file a response to any amended complaint.

**E. Discovery:**

1. The Parties anticipate that discovery will be needed on the following subjects:

   a. Whether Defendant discriminated against Plaintiff in violation of the ADA by removing him from service, issuing him medical restrictions, and refusing to reinstate him as conductor/brakeman after he failed the Ishihara exam and CVFT;

   b. Plaintiff's alleged disability of color-vision deficiency;

   c. Whether the Court has subject matter jurisdiction;

   d. Whether Plaintiff was qualified to work as a conductor after failing the Ishihara and CVFT;

   e. The relevant practices and policies of Defendant;

   f. Whether Defendant complied with relevant provisions of the ADA;

   g. Whether Defendant may prevail on any defenses asserted above and in its Answer;

   h. The amount of damages Plaintiff claims to have suffered; including Plaintiff's mitigation efforts.

2. The Parties have discussed the disclosure and discovery of electronically stored information ("ESI") and agree to work in good faith to develop a mutually agreeable ESI protocol. Until that time, the parties agree that the

    limits in discovery set forth in the Federal Rules of Civil Procedure, and any limits set forth in the ESI protocol to be developed by the counsel for the parties, shall apply.

2. The parties agree to the protections against inadvertent disclosure set forth in Rule 26(b)(5)(B) and Federal Rule of Evidence 502 and agree that the inadvertent disclosure of documents under Federal Rule of Evidence 502 shall not require Court intervention.

3. The parties anticipate proposing a Stipulated Protective Order governing the handling of confidential information exchanged during discovery and the handling and protection of privileged and trial-preparation material.

4. Identity of Persons Expected to be Deposed:
    a. Plaintiff, Jeffrey Todd Cooley
    b. Defendant, on topics designated pursuant to Fed. R. Civ. P. 30(b)(6)

**F. Trial**

1. Estimated trial time: five days.
2. Jury demand: the parties stipulate that Plaintiff has timely demanded a jury.
3. One or both of the parties does not consent to trial before a magistrate judge.

**G. Management Conference**

1. The following attorneys will appear on behalf of the parties at the management conference:
    a. Plaintiff: Donald E. Uloth, Law Office of Donald E. Uloth;
    b. Defendant: Jimmie L. Pinkham III and/or Mark J. Goldsmith, Baird Holm LLP.

**H. Initial Mandatory Disclosures**

1. The Parties jointly confirm that they both made the requisite initial mandatory disclosures under Rule 26(a)(1) and this Court's Order (CM/ECF #14) on April 14, 2025.

Respectfully submitted April 17, 2025.

LAW OFFICE OF DONALD E. ULOTH

By: /s/ Donald E. Uloth
    Donald E. Uloth
    Texas Bar No. 20374200
    18208 Preston Rd. Ste D-9 #261
    Dallas, Texas 75252
    Email: don.uloth.pro

ATTORNEY FOR PLAINTIFF, JEFFREY TODD COOLEY

BAIRD HOLM, LLP

By: /s/ *Jimmie L. Pinkham III*
    Scott P. Moore (NE# 20752), *Lead Attorney*
    Mark J. Goldsmith (NE# 26429)
    Jimmie L. Pinkham III (NE# 25534)
    1700 Farnam St. Ste. 1500
    Omaha, NE 68102-2068
    Phone: 402-344-0500
    Email: spmoore@bairdholm.com
    Email: mgoldsmith@bairdholm.com
    Email: jpinkham@bairdholm.com

CONSTANGY, BROOKS, SMITH, & PROPHETE, LLP

    Hunter Johnson (TX# 10753900)
    Aarika Johnson (TX# 24120927)
    100 Crescent Court, Ste. 700
    Dallas, TX 75201
    Phone: 214-646-3421
    Email: hjohnson@constangy.com
    Email: anjohnson@constangy.com

ATTORNEYS FOR DEFENDANT, UNION PACIFIC RAILROAD, CO.