UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Jeffrey Todd Cooley, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-00056-ALM |
| | § | JURY |
| Union Pacific Railroad Company, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION
OF THE ORDER DISMISSING THIS CASE**

Plaintiff respectfully requests reconsideration of this Court's order dismissing the case (Dkt. #47), and reversal of this order. In support of this motion, Plaintiff states as follows.

**Summary of the Argument**

Two statements in the Court's Memorandum Opinion and Order (Dkt. #47, the "Order") show the Court misconstrued Plaintiff's argument and misapplied *Zaragoza v. Union Pac. R.R. Co.*, 112 F.4th 313 (5th Cir. 2024), thus warranting reconsideration of the Court's ruling.

**Background**

Plaintiff is suing Defendant for violating that Americans With Disabilities Act. He alleges that Defendant removed him from his job as a conductor because it believed, incorrectly, that his color vision was impaired. *See* Third Amended Complaint, Dkt. #25.

To decide the motion to dismiss, the Court had to decide whether Plaintiff remained a member of the *Harris* class action lawsuit after the definition of the class changed. The new definition was: "All individuals who have been or will be subject to a fitness-for-duty examination as a result of a reportable health event at any time from September 18, 2014 until

1

the final resolution of this action." *See* Order at p. 3; *Harris v. Union Pac. R.R. Co.*, 329 F.R.D. 616, 628 (D. Neb. 2019), rev'd, 953 F.3d 1030 (8th Cir. 2020).

The key dispute about this definition concerns the term "fitness-for-duty examination." The parties agree that Cooley was subject to such an examination as a result of a reportable health event. The only dispute concerns the timing of the examination, whether any part of the examination took place on or after September 18, 2014. Defendant argues it did not, because it contends the examination included nothing other than the color vision field test that was administered to Cooley on September 5, 2014. (Defendant's Motion to Dismiss Plaintiff's Amended Complaint, Dkt. #15 at p. 9).

Plaintiff argues that the fitness-for-duty examination included the overall process of evaluating and assessing Cooley's fitness for duty, which included the test, but also included the Health and Medical Services Department's ("HMS") receipt and review of the test results along with other information, such as Cooley's essential job functions, his ten-year history of correctly identifying colored train signals, and (as required by the Americans With Disabilities Act) whether reasonable accommodations might allow Cooley to continue working as a conductor. (Response to Defendant's Motion to Dismiss, Dkt. #17 at pp. 8-10). Union Pacific's Medical Rules (Dkt. 25-1), which are attached to the Complaint, support this interpretation. For example, the rules state that an HMS assessment of an employee's fitness for duty may include "various components such as: (1) regulatory medical certification requirements; (2) drug screen; (3) medical, psychological and/or functional evaluations, (4) obtaining additional medical records for review by HMS, and (5) other information as deemed necessary by HMS." (Dkt. 25-1, p. 4).

The Court addressed the timing of the fitness-for-duty examination on pages 9-12 of its Order. The Court found that the fitness-for-duty examination took place on just one date,

September 5, 2014, the date of the test, so Cooley was excluded from the revised *Harris* class definition. However, the Court did not explain how it reached this conclusion other than its reliance on and misapplication of *Zaragoza* (discussed below).

## Argument and Authorities

I.     **The Court's summary of Plaintiff's argument.**

On page 11 of the Order, the Court wrote "Plaintiff argues the color vision tests he performed on August 28, 2014, and September 5, 2014, fully determined whether Plaintiff was fit for duty." Dkt. #47 at p. 11. If this was Plaintiff's position, it would be understandable why the Court ruled as it did and found Plaintiff's claim to be barred by limitations. However, this is not Plaintiff's argument. Plaintiff's argument is that "neither of these tests decided whether Cooley was fit for duty." (Dkt. #16 at p. 9).

Deciding whether Plaintiff was fit for duty involved additional steps after the tests. According to Union Pacific's Medical Rules, which were attached as an exhibit to the complaint, HMS decides if an employee is fit for duty. (Dkt. 25-1 at p. 2: "Health and Medical Services if the final authority for determining an employee's Fitness-for-Duty designation."). HMS had to be made aware of the test results, and it remains unknown whether that happened before or after September 18, 2014. Furthermore, because HMS did not reach a decision until September 25, 2014, it is plausible that its fitness-for-duty examination took place, in part if not entirely, after September 18, 2014.

On these facts, Cooley was not unambiguously excluded from the revised class definition, and his claim should be allowed to proceed in this Court.

**II.     The Court's comments finding *Zaragoza* to be distinguishable.**

In its Order, the Court wrote: "Plaintiff's claim is "distinguishable from *Zaragoza* because it accrued thirteen days *before* the *Harris* class tolling period began." (Dkt. #47, p. 11). This contradicts the Court's ruling earlier in the Order, where the Court found the claim accrued *after* September 18, 2014.  Order at p. 9 (finding Plaintiff "suffered an adverse action *after* September 18, 2014.").  But more importantly, the Court's statement conflates the date of the claim's accrual with the date (or dates) of the fitness-for-duty examination. By doing so, the Court never expressly decided the dispute concerning the meaning of the term "fitness-for-duty examination."

*Zaragoza* is not dispositive because this issue was not before the Court in that case. In *Zaragoza*, the Fifth Circuit held that the post-Ishihara color vision test administered to Zaragoza was "a" fitness-for-duty examination, but the Court did not need to (and did not) address whether the examination also included other subsequent events.  Thus, the color vision exam can be "a" fitness-for-duty examination without being "the" entire examination.

## Conclusion

Because of these irregularities in the Court's Order, Plaintiff urges the Court to reconsider Defendant's motion and the related briefs to assess whether Cooley was unambiguously excluded from the class under the revised definition.  Because the term "fitness-for-duty examination" arguably includes the overall assessment, and not just the test, one cannot say that Cooley was unambiguously excluded.  At a minimum, there is ambiguity on this issue, which means this Court should reconsider and deny the motion to dismiss.

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
Counsel for Plaintiff

### CERTIFICATE OF CONFERENCE

On November 28, 2025, I sent an email to counsel for Defendant asking if the relief being requested herein is opposed, but I have not yet received response. Because the deadline for filing this motion is imminent, I am submitting the motion assuming that the motion is opposed.

/s/ Donald E. Uloth
Donald E. Uloth

### CERTIFICATE OF SERVICE

On November 28, 2025, I filed the foregoing document with the Clerk of the U.S. District Court for the Eastern District of Texas using the court's electronic filing system, which constitutes service on all parties under Rule 5(b) of the Federal Rules of Civil Procedure.

/s/ Donald E. Uloth
Donald E. Uloth