**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| Jeffrey Todd Cooley,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Union Pacific Railroad Co.,<br><br>　　　　Defendant. | Case No. 4:25-cv-00056-ALM |

**DEFENDANT'S BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION
OF THE ORDER DISMISSING THIS CASE**

Scott P. Moore (NE# 20752), Lead Attorney, *pro hac vice*
Mark J. Goldsmith (NE# 26429), *pro hac vice*
Jimmie L. Pinkham III (NE# 25534), *pro hac vice*
BAIRD HOLM LLP
1700 Farnam St. Ste. 1500
Omaha, NE  68102-2068
Phone: 402-344-0500
Email: spmoore@bairdholm.com
Email: mgoldsmith@bairdholm.com
Email: jpinkham@bairdholm.co

Hunter Johnson
Texas Bar No. 10753900
Local Counsel
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 Crescent Court, Suite 700
Dallas, TX 75201
Main: 214.646.3421 • Fax: 214.749.0078
Email: hjohnson@constangy.com

**ATTORNEYS FOR DEFENDANT UNION PACIFIC RAILROAD CO.**

i

**INTRODUCTION**

Cooley ignores this Court's clear legal analysis and seeks to inject ambiguity where there is none. Cooley underwent a fitness-for-duty *examination* on September 5, 2014—and no date thereafter—and Union Pacific's fitness-for-duty *decision* was separate and apart from that examination. The revised *Harris* class definition does not use the phrase "fitness-for-duty decision." Instead, it refers to a "fitness-for-duty examination as a result of a reportable health event." *Harris v. Union Pacific R.R. Co.*, 329 F.R.D. 616, 628 (D. Neb. 2019) *rev'd*, 953 F.3d 1030 (8th Cir. 2020). Thus, this Court properly held that Cooley "was excluded from the revised *Harris* class definition as initially certified on February 5, 2019." ECF No. 47, p. 11 *(*citing 329 F.R.D. at 628). Cooley's Motion for Reconsideration should be denied.

**LEGAL STANDARD**

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Motions for reconsideration, like Plaintiff's, fall under Rule 59(e), which "call into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Such motions are generally disfavored and are "not the proper vehicle for rehashing evidence, legal theories, or arguments […]." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990). "Rule 59(e) motions serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Basinkeeper v. Bostick*, 663 F. App'x 291, 294 (5th Cir. 2016) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation marks and citation omitted)).  None of the bases for a proper Rule 59(e) motion are present in this case.

## ARGUMENT

Cooley asks this Court to rehash a legal argument he briefed in full in his Response to Defendant's Motion to Dismiss. ECF No. 17. To do so, Cooley incorrectly asserts that this Court "misconstrued Plaintiff's argument and misapplied *Zaragoza v. Union Pac. R.R. Co.*, 112 F.4th 313 (5th Cir. 2024)". ECF No. 48, p. 1. The Court did neither.

First, Cooley again incorrectly argues that, while the September 5, 2014 color-vision field test was "a" fitness for duty examination, it was not "the" entire examination. ECF No. 48, p. 4. This argument relies upon Cooley's selective reading of Union Pacific's Medical Rules and ignores the distinction between a fitness-for-duty examination and a fitness-for-duty decision. ECF No. 25-1, pp. 4-7. This argument also relies upon speculation that contradicts his own pleadings. ECF No. 48, p. 3 ("because HMS did not reach a decision until September 25, 2014, it is plausible that its fitness-for-duty examination took place, in part if not entirely, after September 18, 2014"); *cf.* ECF No. 25, ¶¶ 25-26 ("25. Union Pacific had and relied on the test results from the September 5, 2014 test when it made the employment decisions complained of herein. 26. Based on Cooley's vision tests, up to and including the September 5, 2014 test, Union Pacific had in its possession documents indicating to it that Cooley was substantially impaired with respect to the major life activities of seeing and seeing in color."). In short, Cooley now argues that *maybe* Union Pacific conducted another unknown examination (without alleging as much in his pleadings or having any evidence thereof), but his pleadings make clear that Union Pacific "relied on the test results from the September 5, 2014 test when it made the employment decisions complained of herein." ECF No. 25, ¶ 26.

Second, Cooley incorrectly asserts that this Court misapplied *Zaragoza* and "never expressly decided the dispute concerning the meaning of the term "fitness-for-duty examination."

2

The Court acknowledged Cooley's argument and was appropriately unconvinced by it. ECF No. 47, p. 11 ("Plaintiff argues the determination was made by Defendant's Health and Medical Services over a period of time that concluded upon deciding Plaintiff was permanently restrict [sic] from his position on September 25, 2014 (Dkt. #17 at p. 10). The Court is not convinced by Plaintiff's argument."). Based upon Cooley's own pleadings—not Cooley's thinly stretched recasting of them—this Court correctly determined that Cooley was "subject to a fitness-for-duty examination by Defendant as a result of a reportable health event" on September 5, 2014—the date he took the color-vision field test. This properly follows the Fifth Circuit in *Zaragoza*, which focused on the color-vision field test as the "fitness-for-duty examination as a result of a reportable health event." 112 F.4th at 321, *cert. denied*, 145 S. Ct. 1428 (2025).

By the explicit language of the narrowed class definition and the Union Pacific Medical Rules, Cooley was inarguably and unambiguously excluded from the *Harris* class on February 5, 2019 when the District of Nebraska issued its certification order.

## CONCLUSION

For the foregoing reasons, Union Pacific respectfully requests that the Court deny Plaintiff's Motion for Reconsideration.

Dated this 11th day of December, 2025.

By: /s/ *Jimmie L. Pinkham III*
    Scott P. Moore (NE# 20752), *Lead Attorney*
    Mark J. Goldsmith (NE# 26429)
    Jimmie L. Pinkham III (NE# 25534)
of  BAIRD HOLM LLP
    1700 Farnam St. Ste. 1500
    Omaha, NE  68102-2068
    Phone: 402-344-0500
    Email: spmoore@bairdholm.com
    Email: mgoldsmith@bairdholm.com
    Email: jpinkham@bairdholm.com

                                Hunter Johnson
                                Texas Bar No. 10753900
*Local Counsel*
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 Crescent Court, Suite 700
Dallas, TX 75201
Main: 214.646.3421 • Fax: 214.749.0078
Email: hjohnson@constangy.com

ATTORNEYS FOR DEFENDANT
UNION PACIFIC RAILROAD CO.

## CERTIFICATE OF SERVICE

      I hereby certify that on December 11, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Donald E. Uloth
Texas Bar No. 20374200
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, Texas 75252
Don.uloth.pro
*Counsel for Plaintiff*

                                */s/ Jimmie L. Pinkham III*
                                Attorney for Defendant

6931530.1